# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| PHILIP JAY BERG, | : | Bankruptcy No. 05-39380DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion of the United States Trustee ("UST") for Disgorgement of Fees by Debtor's Counsel (the "Motion"). A hearing was held on October 3, 2006 at which argument was presented. The facts are not disputed and can be gleaned from the docket, pleadings and record in this case.[1] For the reasons that follow, the Motion shall be granted.

---

[1] The court may take judicial notice of its docket. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995) (*citing* Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules).

**BACKGROUND**

Philip Jay Berg ("Debtor") filed a Chapter 13 case *pro se* on November 29, 2005. On January 2, 2006 Debtor signed a retention agreement with David A. Scholl, Esquire ("Scholl") and paid him a $500 retainer. Scholl entered his appearance on behalf of Debtor on January 3, 2006 and filed the required documents, including a Disclosure of Compensation under Rule 2016(b) in which he recited that he had agreed to accept $2,500 for his work in the case.

On May 12, 2006 Debtor filed a motion to convert the Chapter 13 case to one under Chapter 11. No Chapter 13 plan had been confirmed in the Chapter 13 case. The conversion motion, which was opposed by creditors and the Chapter 13 trustee who urged conversion to Chapter 7, was heard and approved from the bench at a hearing on June 26, 2006. I requested a proposed form of order to be submitted as I included certain conditions in the approval of the conversion to Chapter 11 but because the parties could not agree on its form, the conversion order was not entered until August 8, 2006.

During the period after the hearing but before the order was entered, i.e., on or about July 13, 2006, Debtor, an attorney, received an expected large fee from which he paid Scholl $5,000 on account of his services in the Chapter 13 case. The payment of this fee, inter alia, came to light at a September 11 hearing on a renewed motion to convert the Chapter 11 case to one under Chapter 7. When questioned about the payment of a fee without court approval, Scholl told me that I had approved the fee when I approved his application filed on August 11 for appointment as counsel to the debtor-in-possession (the "Retention Application"). Doc. No. 111. As such action would be totally inconsistent

with the practice I follow when approving retention agreements, I asked to see a copy of my Order. Scholl's <u>proposed</u> Order approving him as counsel for the debtor-in-possession provided that he would be appointed on the terms of the Retention Application. The Retention Application disclosed the $5,500 payment he received to represent Debtor in the Chapter 13 case and his waiver of any Chapter 11 retainer. It indicated that he would bill his hourly rate going forward which would be paid subject to court approval. The Order I <u>entered</u> on August 14, 2006 did not approve the retention on the terms of the Retention Application as proposed but expressly added the following language: "provided that counsel shall file an application for fees in <u>both</u> cases without regard to any understanding with the debtor regarding acceptance of any amount for the Chapter 13 case." (emphasis in original)

When these facts came to light at the September 11 hearing, the UST contended that the receipt of the $5,000 fee without disclosure, application for payment and/or court approval was improper and that he intended to file a motion seeking disgorgement. Scholl responded that such a consequence would be unfair since he had provided services worth at least that sum. Acknowledging that payment had already been made, on September 18, 2006 Scholl filed an application for compensation of $5,500 for his services from January 2, 2006 through August 8, 2006 (the date of the conversion order) but only after the UST registered an objection to the payment.[2]

---

[2] The UST has objected to the application which is set for a hearing on November 6, 2006.

**DISCUSSION**

This contested matter implicates two requirements imposed on an attorney representing a debtor in a Chapter 13 case.  First, without regard to any application for compensation, there is a duty to disclose all compensation paid or agreed to be paid by the debtor.  11 U.S.C. § 329; Fed.R.Bankr.P. 2016(b).  Second, an attorney may not receive post-petition payments from property of the estate without application to and approval of the court.  11 U.S.C. § 330(a)(4)(B); Fed.R.Bankr.P. 2016(a); Local R.Bankr.P. 2016-2 and 2016-3.  Because of the importance of both of these requirements to the integrity of the Chapter 13 process and because I perceive that this case presents a not unfamiliar scenario, I shall address both requirements with some elaboration.

<u>A.</u>

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).  The disclosure requirement of § 329(a) is implemented by Rule 2016(b) which provides:

> **b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.** Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... *A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.*

Fed.R.Bankr.P. 2016(b) (emphasis added). In this case, a timely 2016(b) statement was filed at the inception of the case reciting the payment of a $500 retainer and the promise of a $2,500 fee. The statement was never supplemented.

In re Fricker, 131 B.R. 932 (Bankr. E.D. Pa. 1991), articulated the general view of the disclosure requirement embodied in Rule 2016(b) as follows:

> The significance of what is termed herein as the "2016(b) Statement," and the serious consequences which therefore follow from the failure to submit the 2016(b) Statement, are well established. B.Rule 2016(b) is described in 8 COLLIER ON BANKRUPTCY, ¶ 2016.04[1], at 2016-18 (15th ed. 1991), as a "significant part of the disclosure scheme in the area of compensation" which is set forth in the Bankruptcy Code. Collier notes that the sanctions generally applied for failure to comply with 11 U.S.C. § 329 and B.Rule 2016(b) as [sic] "harsh ... regardless of the deficiency in the disclosure and regardless of the reasons." Id., ¶ 2016.04[1], at 2016-19. Collier also concludes that Rule 2016(b) disclosures must be "precise and complete," with no excuses, such as "inadvertence, neglect or ignorance," for non-compliance with these requirements being acceptable. Id., ¶ 2016.01[1], at 2016-20 to 2016-21.

Id. at 939 (citing cases where such failure to disclose was found to be a breach of fiduciary duty warranting loss of compensation). The Fricker court reasoned that the filing of a timely 2016(b) statement is particularly important in a Chapter 13 case where counsel is not appointed by the court as a prerequisite to receiving fees from the Chapter 13 estate, and concluded that "timely filing and amendment, where necessary, of a 2016(b) Statement is an absolute prerequisite to receipt of compensation by counsel representing a Chapter 13 debtor." Id. at 940-41.[3] Section 329, which Rule 2106(b) implements, was adopted because

---

[3] Recognizing that while the Chapter 13 trustee will not disburse funds to counsel without court approval of the fee application, no such control exists with respect to payments by the debtor to counsel. Only by review of the 2016(b) statement would the trustee, the court and any interested party be apprised of the debtor's intentions to pay counsel before the actual payment occurs. Id.

-5-

payments to a debtor's attorney have the potential for evasion of creditor protections of the bankruptcy law and overreaching by the debtor's lawyer. In re Cohagan-Duebel et al., 2002 WL 1046715, at *12 (Bankr. D. Col. May 17, 2002) (citing cases). See also Henderson v. Kisseberth (In re Kisseberth), 273 F.3d 714, 721 (6th Cir. 2001) ("The provisions of the Bankruptcy Code and Bankruptcy Rules that regulate attorney fees are designed to protect both creditors and the debtor against overreaching attorneys.")

Notably the duty of disclosure is a continuing one. If a debtor's attorney subsequently receives funds, he must supplement the prior disclosure. L. King, 9 Collier on Bankruptcy ¶ 2016.18 at 2016-24 (15th ed. rev. 2003) (*citing* Fricker, supra.)[4] Thus, the fact that the engagement is revealed to be more involved than originally believed, as Scholl now argues, is not a defense since Rule 2016(b) expressly directs the attorney to file a new disclosure fifteen days after any payment or agreement not previously disclosed. In this case, a supplement to the 2016(b) statement was required by July 28, 2006, 15 days after receipt of the additional payment of $5,000. It was not filed until October 2, i.e., the day prior to the hearing on the Motion. Prior to Debtor's testimony in Court on September 11, 2006 that he had paid Scholl an additional $5,000, all parties had reason to believe that Scholl was to receive no more than $2,500 for representing the Debtor in the Chapter 13 case and only after

---

[4] The duty to supplement appears to be honored in the breach by some attorneys in this district. A disparity between the Rule 2016(b) statement and fee application suggests a lack of awareness of the critical role fee disclosure serves in a case. Because the court's effort to reconcile these two documents is so labor intensive given the number of Chapter 13 cases, these conflicting documents are not always discovered when ruling upon Chapter 13 applications. This opinion is intended to make clear that the failure to monitor compliance is not an invitation to ignore the supplementation requirement. When, as here, a breach is uncovered, it will be dealt with appropriately.

-6-

he filed an application for compensation pursuant to § 330.[5]

### B.

Pursuant to § 330(a)(4)(B), in a Chapter 13 case, the court may allow reasonable compensation for representing the interests of the debtor in connection with the case.[6] Fed.R.Bankr.P. 2016(a) requires an attorney seeking compensation from the estate to file an application stating in detail the services rendered, the time expended and expenses incurred as well as the amount requested. Local Bankruptcy Rule 2016-3 sets forth the content and

---

[5] Scholl stated that the Retention Application in the Chapter 11 case served as an application for approval of the $5,000 payment. Trans. 9/11/06 at 56-60. Since that document can in no way be construed as fulfilling the requirements for a long form application for fees under Local Bankruptcy Rule 2016-3 (or even short form under Rule 2016-2), that position is unpersuasive. While Scholl does not appear to make the argument that the disclosure of the payment in the Retention Application fulfills the Rule 2016(b) disclosure requirements, it is clear that if he did, it would be no more successful. Aside from the fact that attorney compensation disclosures are presented in a form designed for that purpose, no interested party would expect that fee payment information for and during a Chapter 13 case would be contained in an application to be retained as counsel for a debtor-in-possession in a case under Chapter 11. As the Court stated in In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991),

> Counsel's fee revelations must be direct and comprehensive. Coy or incomplete disclosures which leaves the court to ferret out pertinent information from other sources are not sufficient.

Id. at 517. Finally there is a question of timeliness as the Retention Application was filed on August 11, almost one month after the payment of the $5,000.

[6] Scholl takes the position that since the conversion order had not been entered, Debtor was a Chapter 13 debtor at the time of the $5,000 payment. The UST believes my bench statement of my intention to convert the case to Chapter 11 converted the case as of the hearing. I agree that the conversion order established the date at which Debtor became a debtor-in-possession although it was clear from the record of the hearing that Debtor was charged with the same fiduciary duties of a debtor-in-possession from the point I indicated he would be permitted to convert. More significantly, it makes no difference in this context since the § 330(a)(3) analysis applicable to counsel for a Chapter 11 debtor is the same. In both cases Fed.R.Bankr.P. 2016(a) and Local Bankruptcy Rule 2016-2 and 2016-3 implement the statute by requiring an application to the court for approval of fees.

form of application required in this district.[7] When Debtor made the payment to Scholl, the funds he paid to him were property of the estate either by reason of § 541 or § 1306(a)[8] and were subject to these compensation provisions.[9] In re Anderson, 253 B.R. 14 (Bankr. E.D. Mich. 2000). Analyzing these provisions of the law, the Anderson court concluded:

> When viewed as parts of an integrated structure of fee regulation, these provisions indicate a chapter 13 debtor's attorney may not collect fees from a debtor postpetition without a court order. To hold otherwise would undermine the court's authority and responsibility to monitor and control the fees of chapter 13 debtors' attorneys, and would interfere with the court's exclusive jurisdiction over estate property under 28 U.S.C. § 1334(e).

Id. at 20. Accord In re Courtois, 222 B.R. 491, 495 (Bankr. D. Md. 1998).

The prompt duty to secure court approval of post-petition compensation from the estate is such a fundamental principle of bankruptcy practice that its breach is simply indefensible. Scholl offers no explanation for why he acted in violation of this obligation so well known to him. Instead he focuses on the fact that he had provided services of at least that value and had waived a retainer for his Chapter 11 employment so that it would be unfair

---

[7] Local Bankruptcy Rule 2016-3 is the prescribed form of Application to be used when fees in excess of $2,000 are sought in a Chapter 13 case.

[8] In In re Mayeaux, 269 B.R. 614, 626 (Bank. E.D. Tex. 2001), the court stated that it is "elementary bankruptcy law that all post-petition earnings of a chapter 13 debtor and all property that a debtor acquires in the post-petition period constitute property of the estate." Quoting to this statement in Mayeaux, the Fifth Circuit Court of Appeals in Barron v. Countryman, 432 F.3d 590, 597 (5th Cir. 2005), held that a chapter 13 debtor has no authority to transfer to an attorney, and the attorney to accept, estate property without proper notice to and authorization by the court.

[9] The record merely indicates that the funds were acquired post-petition as a result of a litigation settlement which entitled Debtor to a contingent fee. It does not indicate when the work was done (if relevant) or when the settlement was reached (if relevant). The asset does not appear to be listed in Schedule B which only refers to uncollectible client debts. While it is not clear whether this fee was earned prepetition or postpetition, in either case it would be property of the estate. Moreover since Debtor had not confirmed a plan, revesting of estate property in the debtor under § 1327(b) had not occurred.

to make him disgorge the $5,000 as the UST has urged.[10]  Accordingly, I turn next to whether disgorgement is the appropriate sanction for the clear violations of the law evidenced in this case.

### C.

The decision as to the extent of the sanction to be imposed for attorney transgressions of the compensation rules lies within the sound discretion of the bankruptcy court. BankPhiladelphia v. Hamburg, Rubin, Millin, Maxwell & Lupin (In re Larrieu), 2000 WL 36328, at *4 (E.D. Pa. Jan. 18, 2000). Since the provisions of the Bankruptcy Code and Rules that regulate attorneys fees are designed to protect creditors and the debtor from overreaching attorneys, it follows that to ensure that protection, the bankruptcy court would have the authority to deny any and all compensation where there has been a breach of the law. Kisseberth, 273 F.3d at 721 (citing cases).[11]  This sanction is often found to be the most appropriate remedy given "'the importance of the fee disclosure [and fee application and court approval] requirement, the extent to which that requirement was almost totally disregarded by an experienced bankruptcy practitioner, and the need to compel future

---

[10]  There regrettably appears to be a view among some debtor attorneys that taking post-petition compensation from the estate without application to and order from the court is permissible notwithstanding the law to the contrary.  This is apparent when debtors appear in open court without counsel of record who refuse to file an answer or appear because the debtors have not paid them for the additional work.  The demand for additional post-petition compensation not only violates the law as outlined above but the refusal to appear without additional prior payment is contrary to Local Bankruptcy Rule 9010-1 which provides that the filing of a petition in bankruptcy on behalf of the debtor constitutes an entry of appearance in any and all matters arising during the administration of the case.

[11]  Its authority is grounded in its inherent authority over the debtor's attorney's compensation.  Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1045 (9th Cir. 1997).

compliance on his part and on the part of all counsel appearing in the bankruptcy court.'" Id. (*quoting* district court opinion). Accord In re Redding, 251 B.R. 547, 553 (Bankr. W.D. Mo. 2000) (violations of responsibilities under Code and Rules by experienced bankruptcy attorney well aware of requirements was knowing, deliberate and blatant so as to warrant disgorgement of fee he received of $10,011.40 to the trustee). Indeed disgorgement of the entire payment may be proper in certain instances even though the failure to comply resulted from negligence or inadvertence. Kisseberth, 273 F.3d at 721; In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir. 1995).

I believe the appropriate sanction in this case is disgorgement of the $5,000 payment. Scholl is a former bankruptcy judge who has administered the Code and Rules. In ensuring that Debtor, whose income was erratic, would pay him, Scholl placed his personal interests above the law. Even if Scholl's disclosure in his Chapter 11 retention application of his payment from the Chapter 13 estate could mitigate his failure to properly supplement his Rule 2016(b) statement, his acceptance of the $5,000 without application to and approval of the Court evidences a wilful violation of the Code and Rules. The filing of a fee application and amended Rule 2016(b) statement after the UST complained was too little, too late. Given Scholl's comments at the September 11 hearing and his response to the UST's Motion, it appears that the only way to deter such conduct is to demonstrate by an order of disgorgement that it will be fruitless.

As noted, Scholl has belatedly filed an application for court approval of the $5,500 he received as his Chapter 13 fee. The UST objected not only because of the irregularities described in this Memorandum Opinion but on the grounds that the fees are not reasonable.[12] A hearing is scheduled for November 6, 2006. As also noted, this Court has discretion to withhold the award of any fees, without regard to the reasonableness or excessiveness of the charges, where there has been a serious infraction of the rules regarding professional compensation. Frank v. Tiffany, 113 F.3d at 1045-46. While not required to do so, I will nonetheless go forward with the hearing on November 6th to determine what amount, if any of the disgorged funds may be paid to Scholl for his Chapter 13 services in light of any supplementary evidence to be elicited. Moreover the UST has not taken a position on the ultimate disposition of the disgorged funds, i.e., to the Trustee on behalf of creditors or to the Debtor. I shall also take evidence as may be necessary on that question at the November 6 hearing and legal authority shall be provided as noted in the accompanying Order.

An Order consistent with the foregoing Memorandum Opinion shall issue.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: October 23, 2006

---

[12] The UST avers, inter alia, that Scholl maintained this Chapter 13 case with knowledge that the Debtor was ineligible for Chapter 13 relief, filing plans, contesting motions for relief etc.

-11-

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| PHILIP JAY BERG, | : | Bankruptcy No. 05-39380DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 23rd day of October 2006, upon consideration of the Motion of the United States Trustee ("UST") for Disgorgement of Fees by Debtor's Counsel (the "Motion"), after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **GRANTED**. Debtor's Counsel shall disgorge $5,000 to the Chapter 7 Trustee (the "Trustee") by November 3, 2006. The Trustee shall hold these funds pending the resolution of the hearing on November 6, 2006 at which the Court shall entertain further evidence, if deemed necessary, and argument on the fee application and the ultimate disposition of the disgorged funds, i.e., to the Trustee on behalf of creditors or to the Debtor. On or before November 3, 2006, the Debtor, the UST and the Trustee shall file legal memoranda stating their respective positions on whether Debtor's counsel should be allowed any fees for his representation of the Debtor in the Chapter 13 case and whether the estate or the Debtor should retain the disgorged funds.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

-2-

<u>Copies to</u>:

David A. Scholl, Esquire
Regional Bankruptcy Center
Law Office of David A. Scholl
#6 St. Albans Avenue
Newtown, PA 19073

Philip Jay Berg
706 Ridge Pike
Lafayette Hill, PA 19444

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

George M. Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107