**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:

    PHILIP JAY BERG       :    No. 05-39380 DWS

                                                      :

                  Debtor      :    Chapter 7

**OBJECTION OF HOLOD'S TRUE VALUE HOME AND
GARDEN CENTER TO MOTION OF TRUSTEE TO SELL
ASSETS [706 RIDGE PIKE] FREE AND CLEAR OF LIENS**

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Denied. No response is required.

8.    Denied. No response is required.

9.    Denied. The contents of the documents speak for themselves. Moreover, based upon the prior history of this bankruptcy case and the previously attempted sales of the Premises on Ridge Pike, it is denied that the Debtor has the financial capacity to complete settlement. As of this date undersigned counsel was not given assurances by Debtor's counsel that the requisite funds were available. Rather, the process appears to be a mechanism to artificially inflate the selling price of the Premises. The refusal of the Trustee to deliver possession of the Premises and should not be an issue.

10.    Admitted.

11.    Admitted.

245879 v1

12.  Denied. The Debtor has, as yet, been unable to provide sufficient evidence of his ability to obtain the money necessary for the purchase of the Premises. Moreover, Debtor has failed to explain how he obtained the $50,000 deposit tendered to the Trustee.

The issue of possession of the Premises should not prejudice other potential bidders. The failure of the Trustee to be able to deliver possession upon the sale of the Premises results solely from allowing the Debtor to remain in possession of the Premises as a trespasser or holdover tenant. Any potential bidder should not be prejudiced by the Trustee's insistence on the selling the Premises without possession nor by Debtor who, as possibly an unsuccessful bidder, will have the capacity to obstruct delivery of possession of the Premises. Finally, the benefit of the sale of the Premises to Berg is less than as asserted because Debtor and his legal practice have occupied the Premises without paying rent, all to the detriment of the Estate.

13.  Admitted.

14.  Denied.

15.  Admitted.

16.  Denied as stated. The statement that the property will be sold "how is" is a subterfuge to preclude further bidding insofar as the Debtor is in possession of the Premises without paying rent. The refusal of the Trustee to deliver possession was never an issue with prior acceptances by the Trustee to purchase the Premises (e.g., Advanced Real Estate) and became an issue only after the Louis Holod offer for $1,050,000 mentioned in Court on March 19, 2007, which offer has been rejected by the Trustee in favor of the Berg offer now before the Court and which, consequently, has been withdrawn by Holod. Holod reserves the right to participate in any auction or otherwise submit a new offer for the premises.

245879 v1

17.   Denied as a conclusion of law to which no response is required.

**WHEREFORE,** Respondent prays this Honorable Court to deny the Trustee's Motion to Sell and allow an immediately confirmed auction and sale of the Premises, a direction to the Trustee and Debtor to deliver possession to any successful bidder other than Debtor, and for such other relief as is just and equitable.

Date: April 6, 2007

FLAMM, BOROFF & BACINE, P.C.

/s/ Howard Gershman

Howard Gershman, Esquire
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500 – voice
267-419-1560 - facsimile

245879 v1