# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re | : | Chapter 7 |
| | : | |
| PHILIP JAY BERG, | : | Bankruptcy No. 05-39380DWS |
| | : | |
| Debtor. | : | |

## STIPULATED ORDER
### APPROVING SALE OF REAL ESTATE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

**AND NOW**, this 19th day of April 2007, upon consideration of the Chapter 7 Trustee's Motion for Approval of the Sale of Real Estate located at 706 Ridge Pike, Lafayette Hill, Pennsylvania ("Real Estate") and, after hearing and the Court having read and considered the Motion, Objections to the Motion, if any, and arguments of any counsel appearing regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"), and the parties having agreed to the relief set forth herein as so ordered on the record on 4/13/07, the Court finds that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Court entered an Order on April 4, 2007 (the "Bidding Procedures Order") setting forth the bidding procedures for the Trustee's sale of the Real Estate.

D. Notice of the Motion and the hearing was sufficient and proper.

E. Cause exists to grant the relief requested in the Motion.

F. As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing: (1) the Trustee has appropriately marketed the Assets; (2) the Trustee conducted the sale process in full compliance with the Bidding Procedures Order (including with respect to the solicitation and evaluation of bids, the conduct of the Auction and the acceptance of the offer set forth in the Agreement of Sale); (3) the Bidding Procedures and Auction were conducted in a non-collusive, fair and good faith manner; and (4) reasonable opportunity has been given to any interested party to make a higher or better offer for the Assets.

G. The consideration provided by Philip Jay Berg (hereafter "Buyer") in the amount of $1.4 million: (1) is fair and reasonable; and (2) is the highest and best offer available for the Assets.

H. The Agreement of Sale was negotiated, proposed, and entered into by Seller and Buyer without collusion, at arms length and in good faith. Seller and Buyer have not engaged in any conduct that would cause or permit the Agreement of Sale to be avoided under Bankruptcy Code § 363(n).

I. Buyer is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to all of the protections afforded thereby.

J. The Agreement of Sale is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable according to its terms.

K. The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(g), 6006(d), and 7062.

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is **GRANTED** and **APPROVED** in all respects.

2. Any Objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are **Denied** and **Overruled**.

3. The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Agreement of Sale, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Agreement of Sale.

4. Upon the Closing on the Sale, each of Debtor's creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Assets, if any, as such Interest may have been recorded or may otherwise exist and, other than subject to one existing month to month lease, the Trustee shall deliver the Real Estate free and clear of all liens, claims, interests and encumbrances.

5. This Court retains jurisdiction to interpret, implement, and enforce the terms and provisions of this Order only as consistent with applicable law.

6. The Trustee is hereby authorized and directed to pay at Closing, from the proceeds of the sale of the Debtor's Real Property located at 706 Ridge Pike, Lafayette Hill,

Pennsylvania any Closing Costs applicable to the Trustee including, without limitation: (i) real estate taxes prorated to the Closing Date, if any; (ii) normal and customary Closing costs, including applicable transfer taxes, if any; and (iii) the Secured Claim of Commerce Bank, N.A., or its Assignee or Designee ("Commerce") (collectively with the Trustee, the "Parties"), in the amount fixed by the Court (the "Allowed Secured Claim") at the hearing on the Trustee's Motion to Approve Compromise Pursuant to Fed. R. Bankr. P. 9019, originally scheduled for April 23, 2007. The Parties acknowledge that the Allowed Secured Claim represents a compromise of issues between the Parties and, if the Allowed Secured Claim in not paid within 30 days of the entry of this Order, Commerce reserves the right to assert the full amount of its secured claim, including interest, fees, costs, and expenses (including attorney's fees), and the Trustee reserves his right to object thereto.

7. In the event that the Buyer is unable to close on the Real Estate on or prior to 5:00 p.m., April 27, 2007, at the offices of Fox Rothschid LLP, 2000 Market Street, 10th Floor, Philadelphia, Pennsylvania, Buyer agrees to the following: (i) the Trustee shall be entitled to retain as liquidated damages all deposit monies provided by Buyer; and (ii) Buyer agrees to voluntarily vacate the Real Estate, and remove all contents, on or before May 27, 2007.

8. In consideration for the agreement by the parties hereto, Buyer hereby voluntarily, intelligently and knowingly waives all right to seek reconsideration and/or file an appeal of and from any orders relating to the sale of the Real Estate. Buyer has also agreed that no extensions of the 4/27/07 closing date shall be sought.

9. In the event the Debtor is required to vacate the Real Estate pursuant to paragraph 7, above, Debtor agrees that he will take all necessary and appropriate action to collect and remove all client files from the Real Estate and safe keep such files in accordance with applicable state law, including but not limited to all such obligations arising under Rule 1.15 of the Pennsylvania Rules of Professional Conduct.

10. In the event that the Buyer is unable to close on the Real Estate in accordance with the terms of the Agreement, the Trustee may sell the Real Estate to the next highest bidder ("Back-up Bidder"). The sale to the Back-up Bidder shall be in the exercise of the Trustee's business judgment, without need for further Order of Court. The Back-up Bidder shall be required to close within fourteen (14) days of receiving Notice from the Trustee of the original Buyer's failure to close. The Back-Up Bidder is deemed to be Louis J. Holod ("Holod") or his nominee with a bid of $1.3 million with no contingencies as to financing, physical possession or inspections. If the Back-Up Bidder fails or refuses to close, the Trustee may retain all deposit monies provided by the Back-Up Bidder as liquidated damages and the Trustee may sell the Real Estate to the next highest bidder (the "Third Bidder"). The Third Bidder is deemed to be Joseph Messa, Esquire ("Messa"), with a bid of $1,160,000.00. The sale to the Third Bidder shall be in the exercise of the Trustee's business judgment, without need for further Order of Court. The Third Bidder shall be required to close within fourteen (14) days of receiving Notice from the Trustee of the Back-Up Bidder's failure to close. If the Third Bidder fails or refuses to close, the Trustee may retain all deposit monies provided by the Third Bidder as liquidated damages.

11. In consideration for the Trustee's agreement to the terms of this Stipulated Order, Debtor hereby covenants not to sue, indemnifies, remises, releases, discharges, holds harmless and acquits the Trustee, as well as his respective employees, members, attorneys, officers, directors, representatives and agents and professional (except Doreen Kraemer and Weichert Realtors – Sea Gate) from any and all claims, actions, suits, liabilities, debts and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, including but not limited to, any and all claims arising out of any actual or alleged damage to Debtor's real estate located in New Jersey caused by frozen pipes or any other cause of action whatsoever.

12. The ten (10) day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby waived, and this Sale Order shall be effective immediately upon entry.

*Diane W. Sig[mund]*

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Copies to:

Edward J. DiDonato, Esquire
2000 Market Street, 10th Floor
Philadelphia, PA  19103

Terry P. Dershaw, Esquire
P.O. Box 556
Bryn Athyn, PA  19009-0556

David A. Scholl, Esquire
6 St. Albans Avenue
Newtown Square, PA  19073

Mr. Philip Jay Berg
706 Ridge Pike
Lafayette Hill, PA  19444

Raymond Patella, Esquire
One Logan Square
Philadelphia, PA  19103