**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  PHILIP J. BERG | : |
| | : |
| *Debtor* | : |
| | :   DOCKET NO.  05-39380-DWS |
| | :   CHAPTER 7 |
| | :   DOCUMENT NO. _____ |

**ORDER**

**AND NOW,** this \_\_\_\_ day of _____, 2009, it is hereby **ORDERED** as follows:

Debtor's Motion for an Extension of Time to File a Notice of Appeal is hereby **GRANTED**.

_____
J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  PHILIP J. BERG               :
                                     :
           *Debtor*                  :
                                     :     DOCKET NO.  05-39380-DWS
                                     :     CHAPTER 7
                                     :     DOCUMENT NO. _____

### DEBTOR'S MOTION FOR AN EXTENSION OF TIME TO FILE AN APPEAL

**NOW COMES** Debtor, Philip J. Berg [hereinafter "Debtor"] and files the within Motion to Extend the Time for him to file his Notice of Appeal of Judge Diane Weiss Sigmund's Order on the Internal Revenue Tax Claims dated April 1, 2009.  In support hereof, Debtor avers as follows:

1. Debtor is an Attorney licensed to practice law in the Commonwealth of Pennsylvania.  However, Debtor has only handled a few bankruptcies and is not familiar with the bankruptcy laws.

2. Debtor has recently gone through several deaths in his family.  Unfortunately, his brother, Norman, passed away of Cancer, two [2] Uncles and his Aunt.  All of which were in a very short period of time.  On top of the tragedies in Debtor's family, his nine-two [92] year old mother, Rebecca, became ill and was hospitalized.

3. Shortly thereafter, Debtor was out of town for nine [9] days. As a sole practitioner, without a staff, Debtor was in Court for the following week.

4. Debtor received Judge Sigmund's Order on or about April 2, 2009 from his attorney, David Scholl. Unfortunately, Debtor believed the appellate time lines was the same as the United States District Court, which is thirty [30] days.

5. For the above aforementioned reasons, Debtor respectfully requests this Court grant his request for an Extension of Time to file his Notice of Appeal.

6. Debtor has filed his Notice of Appeal concurrently with this Motion.

Respectfully submitted,

Dated: April 30, 2009

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
Debtor in pro se for his Appeal
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134
PA Identification No. 09867

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  PHILIP J. BERG : | |
| : | |
| *Debtor* : | |
| : | DOCKET NO.  05-39380-DWS |
| : | CHAPTER 7 |
| : | DOCUMENT NO. _____ |

**DEBTOR'S BRIEF IN SUPPORT OF HIS MOTION FOR AN EXTENSION
OF TIME TO FILE HIS NOTICE OF APPEAL**

**FACTUAL ALLEGATIONS**

Debtor, Philip J. Berg [hereinafter "Debtor"] filed a Chapter 13 Bankruptcy on or about November 29, 2005.  Debtor's bankruptcy was converted to a Chapter 11 and then converted to a Chapter 7 Bankruptcy on or about October 5, 2006.

The United States Internal Revenue Service [hereinafter "IRS"] filed a Proof of Claim in Debtor's Bankruptcy proceedings for taxes owed in or about January 2006, an Amended Proof of Claim on or about August 25, 2006, and another Amended Proof of Claim in or about December 2008.  The IRS's proof of claim was for taxes due and penalties in excess of $80,000.00.

On or about July 9, 2008, Debtor, through his attorney, filed an objection to the IRS's proof of claim.  At the time, Debtor's objection was based on the fact the IRS's

claim was an estimate income liability for 2004 when the Debtor's 2004 Federal income Tax Return indicated no amount was due.

On or about August 25, 2008, Debtor's attorney, David Scholl was faxed an Income Tax Discrepancy Adjustment Form 4549A. IRS Form 4549A did not bear the Estimator's name, employee number, signature and/or a date.

Attached to the IRS's Form 4549A, Income Tax Examination Changes, was Form 886-A, Explanation of Adjustments. With the exception of Section 6651 and 6662 Penalties, the Form 4549A fails to reveal any reasoning for the deficiencies or discrepancies causing the adjustments and/or justification for the IRS's proof of claims.

The only explanation for the IRS's disallowance of Debtor's claimed business deductions appear on the Form 886-A and states Debtor did not establish or prove the items listed as deductions [instead of write-off's] in Schedule C and E were paid, did not establish or prove the basis of the assets and that they were depreciable, did not establish or show that the amounts shown were interest expenses, business expenses and/or that they were paid, etc. Debtor was never asked for any type of receipts or proof of the deductions prior to the IRS's proof of claim filed in the within bankruptcy. Again, as noted above, Debtor was never sent notice of any deficiency as required or given the opportunity to cure any defect if a defect in fact existed. Thus, Debtor was not given sufficient notice of the "supposed" deficiencies.

Debtor has maintained an active law practice since 1980 and each and every year. Debtor's deductions, credits and write-offs for his personal and business taxes have been consistent through these years.

Debtor filed his Tax Return claiming all income earned. In addition, Debtor filed a Schedule C and Schedule E wherein he deducted all of his business expenses, including but not limited to rental fees for copy machines and computers, etc., salaries, depreciation, meals, car expenses, mortgage interest, office supplies, postage, travel expenses, etc. which off-set his income. Although entitled to these deductions, the IRS refused allowance of any deductions. Again, without any type of justification or assessment.

A hearing was held January 28, 2009 before this Honorable Court regarding the Debtor's objections to the IRS's claims. The IRS did not present any evidence in support of their claim. The IRS also failed to present any type of evidence they were entitled to their claim and the reason for their disallowance of the Debtor's Income Tax deductions.

The Debtor was present and testified regarding his objections. The Debtor testified that his mother had been keeping his books since approximately 1985 and she used the old school method of the double bookkeeping system. The Debtor testified his mother would prepare and present all tax records to whoever was preparing his tax returns. He further testified once his returns were prepared and returned to his office, his mother would review the tax return entries to ensure their accuracy. The Debtor further

testified that all his deductions were legitimate deductions and consistent with prior years tax return deductions, which could be verified by the Court comparing his previous years tax returns with his 2004 return. The Debtor testified that salaries to his employees were approximately $85,000 and his income was only $74,000. The Debtor testified that his deductions for his office supplies, utilities, salaries, and rental equipment were extremely reasonable. Moreover, the Debtor testified that W-2 forms were issued to his employees and were filed with the Internal Revenue Service, which the IRS would have in their possession. Additionally, as for the Debtor's Mortgage Interest Paid, the Mortgage Company filed an Interest statement with the IRS that substantiates the Debtor's deduction. In addition, the Debtor testified the bank paid taxes withheld from all employee's paychecks to the IRS, which he believed was on a quarterly basis. Debtor further testified he was unaware as to why the IRS was disallowing his deductions. The IRS did not offer any evidence or testimony to offset the Debtor's testimony.

As this Court is aware, the Debtor throughout his bankruptcy had suffered severe family emergencies, including the death of his brother. Furthermore, the Debtor was going to have his mother testify at the January 28, 2009 hearing as she did his bookkeeping and furnished his tax preparer all necessary records. Unfortunately, the Debtor's mother was hospitalized on the evening of January 27, 2009 and therefore unavailable to testify.

Furthermore, the tax year in question is 2004, four [4] years ago. The Debtor made every attempt to locate his Tax Preparer, however, due to the passage of time was unable.

Records exist to support the Debtor's tax deduction. The Debtor used an independent company to prepare his employee's W-2's, he used a company to lease his office equipment and his bank would maintain copies of all his bank statements showing money expended.

An IRS representative was present during the hearing on January 28, 2009 regarding the Debtor's objections to the IRS's claim and was called as a witness by the Debtor's attorney. The representative did not have any documents and testified that she was not the person who worked on the Debtor's file; she did not have any knowledge of who conducted or prepared the income tax examination changes. The representative had absolutely no knowledge of why the tax deductions were disallowed.

Debtor through his attorney filed his Brief as Ordered by The Honorable Diane Weiss Sigmund. Unfortunately, Judge Sigmund ruled against the Debtor and this Motion for an Extension of Time to File his Notice of Appeal followed.

## ARGUMENT

Federal Rules of Bankruptcy Procedure states in pertinent part:

Rule **8002**. Time for Filing Notice of Appeal

(c)    **Extension of time for appeal.**

(2)    A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than

> 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

As stated in Debtor's Motion, Debtor is an Attorney licensed to practice law in the Commonwealth of Pennsylvania. However, Debtor has only handled a few bankruptcies and is not familiar with the bankruptcy laws.

Debtor has recently gone through several deaths in his family. Unfortunately, his brother, Norman, passed away of Cancer, and the passing of two [2] Uncles and an Aunt, all of which were in a very short period of time. On top of the tragedies in Debtor's family, his nine-two [92] year old mother, Rebecca, became ill and was hospitalized.

Shortly thereafter, Debtor was out of town for nine [9] days. As a sole practitioner, without a staff, Debtor was in Court for the following week.

Debtor received Judge Sigmund's Order on or about April 2, 2009 from his attorney, David Scholl. Unfortunately, Debtor believed the appellate time lines were the same as the United States District Court, which is thirty [30] days.

The ten [10] day mandate of Rule 8002 is jurisdictional. _Whitemere Dev. Corp. v. Township of Cherry Hill_, 786 F.2d 185, 187 (3d Cir. 1986); _In re Universal Minerals, Inc._, 755 F.2d 309 (3d Cir. 1985).

The sole provision of the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires a Motion to be filed in the Bankruptcy Court.

Bankruptcy Rule 8002(a) states that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." This Court has held that "[t]his deadline is strictly construed." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); see also *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985) (stating that Rule 8002(a) requires "strict compliance with its terms"). The failure to file a timely notice of appeal deprives the district court of jurisdiction to hear the appeal. *Shareholders*, 109 F.3d at 879.

Bankruptcy Rule 8002(c) allows a bankruptcy judge to "extend the time for filing the notice of appeal by any party." Bankr. Rule 8002(c)(1). However, a party must make the request for an extension under this Rule "by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing such a notice of appeal may be granted upon a showing of excusable neglect." Bankr. Rule 8002(c)(2). The Rule allows for an extension of no more than 20 days. Id.

As our Court's are aware, our Appellate Courts have previously held, Rule 8002(c) "requires that even in cases of excusable neglect, the issue must be raised and the appeal filed within the 30-day window of Rule 8002 (Rule 8002(a)'s 10 days for the appeal plus 8002(c)'s 20 days for the extension.)" *Shareholders*, 109 F.3d at 879.

The Internal Revenue Service, the Claimant, will not be prejudiced by the Extension of time, however, Debtor will be severely prejudiced if this Court denies the Debtor's Motion for the Extension of Time, as the Internal Revenue Service will be granted funds from the Debtor they are not entitled too.

Debtor has filed his within timely Motion requesting this Honorable Court to grant him his request for an extension of time to file his Notice of Appeal as the delay was due to excusable neglect on the Debtor's part.

## CONCLUSION

For the above aforementioned reasons, Debtor respectfully requests this Honorable grant his Motion for an extension of time to file his Notice of Appeal.

Respectfully submitted,

Dated: April 30, 2009

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
*Debtor in pro se for his Appeal*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134
PA Identification No. 09867

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  PHILIP J. BERG : | |
| : | |
| *Debtor* : | |
| : | DOCKET NO.  05-39380-DWS |
| : | CHAPTER 7 |
| : | DOCUMENT NO.  _____ |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Debtor's Motion for an Extension of Time to Appeal and Brief in Support thereof was served this 30th day of April 2009 by First Class Mail with Postage fully prepaid to the following:

Ms. Charlotte Bishop
Internal Revenue Service
600 Arch Street, Room 5200
Philadelphia, PA 19106

Attorney General of the United States
10th Street & Constitution Avenue, NW
Washington, D.C. 20004

United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476

                                                               s/ Philip J. Berg
                                                         Philip J. Berg, Esquire
                                                         *Debtor in pro se for his Appeal*
                                                         555 Andorra Glen Court, Suite 12
                                                         Lafayette Hill, PA 19444-2531
                                                         (610) 825-3134
                                                         PA Identification No. 09867