IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re*:

**PHILIP JAY BERG**

BKY No. 05-39380

CIVIL NO. 09-2803

3/30/10

**ORDER**

AND NOW, this 25th day of March, 2010, upon consideration of the record, this Court's Order to Show Cause [Doc. No. 3], Appellant Philip Jay Berg, Esq.,'s Response [Doc. No. 4], Respondent's brief [Doc. No. 9], and hearings held thereon on March 15, 2010 and March 19, 2010, it is hereby **ORDERED** that Appellant's appeal is **DISMISSED** for failure to file a timely brief for the reasons stated on the record.[1]

---

[1] At the hearing on March 19, 2010, in which Appellant and a representative for Respondent appeared, the Court reviewed the Poulis factors, including the possibility of a less severe sanction than dismissal. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). As to the first Poulis factor, the extent of Appellant's responsibility, the Court finds him completely responsible. Appellant chose to represent himself pro se, yet he is a practicing attorney; he had ample opportunity and the expertise necessary to learn and follow the rules of bankruptcy procedure. The rule presently at issue is Federal Rule of Bankruptcy Procedure 8009(a), which allowed Appellant ten days to file a brief after the filing of a notice of appeal. FED. R. BANKR. P. 8009(a) (1987) (amended 2009). A Court may dismiss an appeal for failure to follow Rule 8009(a). See FED. R. BANKR. P. 8001(a) (2009).

As to the second Poulis factor, prejudice to the adversary, the Court finds that the delay in the underlying bankruptcy proceeding does prejudice the Respondent, as the decision below orders a payment of monies that cannot be paid unless and until the appeal ends in the Respondent's favor. The issues in the underlying case have been awaiting final resolution in the Bankruptcy Court since November 29, 2005. See In Re. Philip J. Berg, Ch. 7 Case No. 05-39380-DWS (E.D. Pa. Nov. 29, 2005). An earlier filed appeal of a Bankruptcy Court Order was withdrawn voluntarily by Appellant. See In Re. Philip Jay Berg, No. 06-cv-5179 (E.D. Pa. Nov. 24, 2006).

Additionally, Appellant has a history of dilatoriness in the underlying action; as the Court noted in the hearing, supported by documents in the record, Appellant failed to timely supply the Bankruptcy Court with the necessary designation of items to be included in the record on appeal. The bankruptcy record also indicates that Appellant filed an untimely request for an extension of time to file a notice of appeal, alleging excusable neglect; the request was granted as unopposed.

We further find, as evidence of Appellant's lack of diligence in pursuing this action, that he failed to identify and serve the proper parties. Appellant challenges the denial of tax deductions by the Internal Revenue Service, but the United States was not listed as a party on the docket (with the exception of the United States Trustee) and was not served with the notice of appeal. Further, Appellant failed to serve the United States with his response to the Court's Order to Show Cause. The Court called attention to Appellant's failure to serve his notice of appeal at the hearing on March 15th, and Appellant gave no excuse for the deficiency. When Respondent (the United States) became aware of the action on March 15th, it immediately filed an entry of appearance and a position

The Clerk of the Court is directed to close this case for statistical purposes. It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

statement as directed by the Court. In that statement, Respondent confirmed that it had not been served or notified about this appeal prior to that date.

With respect to the fourth Poulis factor, the Court finds Appellant's blatant disregard of the rules of bankruptcy procedure to be willful. Appellant's brief was due in early July, 2009, and he filed his brief more than eight months later on March 8, 2010, only after this Court issued an Order to Show Cause. This significant delay in prosecuting his case is inexcusable, and it cannot be effectively remedied by any sanction other than dismissal. We do not believe that monetary sanctions are appropriate to meet the pro se and practicing attorney Appellant's repeated failures to honor the rules. Finally, regarding the last Poulis factor, the Court heard Appellant's arguments regarding the merits of his appeal, and we find them unconvincing. Appellant urges the Court to overturn the Bankruptcy Court's decision, and to find his case credible and meritorious, without any supporting documentary evidence either in the Bankruptcy Court or on appeal. Appellant does not contest the allegation by the Government that he raises no new arguments on appeal. Considering the Poulis factors together with the evidence before this Court, we dismiss the above-captioned appeal.