UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                          :         Chapter 7

PHILIP J. BERG                                         :

        Debtor                            :         Bankruptcy No. 05-39380

.................................................

ORDER

.................................................

AND NOW, this 1st day of November 2010, upon application of Fox Rothschild LLP for the allowance of compensation from April 15, 2008 until August 15, 2010, pursuant to 11 U.S.C. § 330,

       And Fox Rothschild is counsel to the chapter 7 trustee, Terry P. Dershaw,

       And the chapter 7 debtor, Philip J. Berg, filed the only objection to this application,

       And a hearing on the objection was scheduled for October 27, 2010. At that hearing only the applicant appeared,

       And Fox Rothschild seeks an allowance of $20,944.50 in fees and reimbursement of $191.89 in expenses,

       And the debtor objects to this application for the following reasons:

> In or about July 2008, Fox Rothschild, LLP filed an Application for Fees in the amount of One Hundred Forty-One Thousand Four Hundred and Forty-Four [$141,444.00] Dollars and costs in the amount of Nine Hundred Eighty-Two Dollars and Forty Cents [$982.40].
>
> Debtor agreed and stipulated for payment of Fees to Fox Rothschild, LLP in the amount of One Hundred Twenty-Six Thousand, Fifty-Five Dollars and Ninety [$126,055.90] Cents and Costs in the amount of Nine Hundred Eighty-Two Dollars and Forty [$982.40] Cents as final payment.

> In September 2010, Fox Rothschild, LLP filed another Application for Fees in the amount of Twenty-One Thousand, One Hundred Thirty-Six Dollars and Thirty- Nine [$21,136.39] Cents and costs in the amount of One Hundred Ninety-One Dollars and Eighty-Nine [$191.89] Cents, which Debtor believes is duplicative and unreasonable.

Debtor's Objection, ¶¶ 3-5,

And it appears that the debtor is objecting to the present fee application on the grounds that it violates an earlier stipulation reached between him and Fox Rothschild, which stipulation resulted in an award of compensation to Fox Rothshild with the understanding that the law firm would seek no further compensation in this bankruptcy case,

And the record in this case does not support the existence of such an agreement. Rather, the debtor objected to the earlier fee application filed by Fox Rothschild in this case and that objection was litigated and determined by this court. See docket #421, reported as In re Berg, 2008 WL 2857959 (Bankr. E.D. Pa. 2008):

> Before the Court is the Final Application of Fox Rothschild LLP ("Fox") as Attorneys for Terry P. Dershaw, Chapter 7 Trustee, for Compensation and Reimbursement of Expenses (the "Application"). Pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016, Fox seeks compensation in the amount of $142,426.40 for 374.4 hours of service and reimbursement of expenses of $982.40 for the period October 10, 2006 through April 14, 2008. An objection to the Application (the "Objection") was filed by the debtor Philip J. Berg, and an evidentiary hearing was held on July 8, 2008. For the reasons that follow, the Objection is granted in part. Compensation in the amount of $126,055.90 and reimbursement of expenses in the amount of $982.40 are allowed.

Id., at *1,

And 11 U.S.C. § 330(a)(1)(A), (B) provides that counsel to a bankruptcy trustee, who is considered a "professional person" under section 327(a), may be awarded "reasonable compensation for actual, necessary services rendered," as well as "reimbursement for actual, necessary expenses." Furthermore, section 330(a)(3) states:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

And, in general, reasonable bankruptcy fees under section 330(a) will be determined by the lodestar approach. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 849, 856 (3d Cir. 1994). The lodestar method involves the multiplication of a prevailing market hourly rate, taking into account the experience of the professional and

the nature of the professional services provided, by the number of hours reasonably expended in providing those services. See id. at 849 n.21 ("Under the lodestar analysis, a court first establishes a reasonable hourly rate (corresponding to the value of the services and the cost of comparable services in § 330(a)(1)) for each set of compensable services (corresponding to the nature of the services in § 330(a)(1)), and then multiplies each rate by the reasonable number of hours of compensable work included in each respective set (corresponding to the time and extent of the services in § 330(a)(1))."); see also Pennsylvania Environmental Defense Foundation v. Canon-McMillan School District, 152 F.3d 228, 231-32 (3d Cir. 1998),

And the debtor has not specified which services rendered were unreasonable,

And upon review by this court, it appears that trustee's counsel spent time in responding to the debtor's objection to its fee application in 2008, in representing the trustee in claims objection disputes, in reviewing debtor's counsel's fee application, in responding to the requests for the status of the case with the goal of closing the case under section 350(a), in reviewing the trustee's interim distributions to creditors, and in reviewing and monitoring the debtor's attempts to appeal from the allowance of a proof of claim filed by the Internal Revenue Service. See In re Berg, 407 B.R. 167 (Bankr. E.D. Pa. 2009), appeal dismissed, 2010 WL 2842906 (E.D. Pa. 2010), appeal pending (docket entry #538),[1]

---

[1] The debtor's dispute with the IRS has precluded the trustee from closing this case. The trustee has set aside funds with which to pay any allowed claim held by the IRS.

And Fox Rothschild states that three attorneys and one paraprofessional in its firm spent 46.2 hours providing such services,

And the hourly rates of the attorneys ranged from $330 to $495. The paraprofessional hour rates were $195 and $210,

And the expenses for which reimbursement are now sought total $191.89 and primarily involve photocopying and postage charges,

And upon my review of this application, a small portion of the services rendered could have been performed by attorneys charging lower hourly rates or by a paraprofessional. See In re Berg, 2008 WL 2857959, at *6. All of the services rendered were necessary as they were designed to assist the chapter 7 trustee in his administration of this case,

Accordingly, it is hereby ordered that the application of Fox Rothschild will be allowed under section 330 in the amount of $19,201.50 in fees and $191.89 in expenses.

It is further agreed by Fox Rothschild that it shall not seek any further allowance in this case.

*Bruce Fox*

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Philip J. Berg, Esq.
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444

Edward J. DiDonato
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103